UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DOMITILO MIRANDA RENDON,

Petitioner,

v.

JASON KNIGHT, Field Office Director Of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement, KENNETH PORTER, Acting Director, of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, TODD BLANCHE, U.S. Attorney General, MIKE HOLLINSHEAD, Sheriff of Elmore County,

Respondents.

Case No. 1:26-cv-00504-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is Domitilo Rendon's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order ("TRO") (Dkt. 2).

The Court expedited briefing on the matters. Dkt. 4. The Government opposes Rendon's Petition. Dkt. 6. Upon review, and for the reasons set forth below, the Court DENIES Rendon's Petition and denies the TRO as MOOT.[1]

[1] Rendon tried to file his reply brief by the deadline but the Court's CM/ECF system was down. Rendon emailed copies to the Court and opposing counsel that day. Due to a miscommunication, the brief was never officially filed. Rendon later discovered this error and filed his brief alongside a Motion for Extension. Dkt. 11. Good cause appearing, the Motion is GRANTED and the Court accepts Rendon's brief as filed.

## II. BACKGROUND

Rendon is a Mexican national who has lived in the United States since his entry without admission in 2003. On August 4, 2026, Immigration and Customs Enforcement ("ICE") encountered Rendon while looking for a different target and arrested him. Enforcement and Removal Operations Boise ("ERO") then placed Rendon in removal proceedings by issuing and serving him with a Notice to Appear ("NTA"), a Form I-286 Notice of Custody Determination, and explaining his right to seek review by an immigration judge.

## III. DISCUSSION

The Court has addressed countless immigration-habeas petitions over the last year, all relating to the detention provisions at §§ 1226(a) and 1225(b)(2). Until recently, ICE treated every noncitizen who entered without inspection as subject to mandatory detention under § 1225(b)(2)(A)—regardless of when they were apprehended or how long they had lived in the United States. The Ninth Circuit has now definitively ruled that § 1226 applies to unadmitted aliens present in the interior of the country, while § 1225 applies to unadmitted aliens entering the United States at the border. *See Rodriguez Vazquez v, Bostock*, 183 F.4th 1160, 1193 (9th Cir. 2026).

Rendon asserts he was initially detained under § 1225. And by all accounts he was, because that is how the Government viewed the detention of noncitizens at that time. The Government suggests Rendon's detention has essentially been converted into a § 1226 case at this point because ERO Boise has followed the procedures as outlined in *Rodriguez Vazquez*. Under the circumstances, the Court agrees.

To determine whether a due process violation occurred, the Court begins with the regulatory framework governing an alien's initial detention and custody determination under § 1226(a). The Immigration and Nationality Act authorizes the Government to arrest and detain an alien who is subject to removal from the United States. §§ 1226(a), 1357(a)(2). The regulations governing an alien's detention following arrest provide different procedures depending on whether the arrest was made pursuant to a warrant.[2] A noncitizen detained without a warrant must receive an initial custody determination within 48 hours of arrest, absent an emergency or extraordinary circumstance. 8 C.F.R. § 287.3(d). The alien will be released if he "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(d). If the alien is denied bond, or was arrested pursuant to a warrant, he can seek an individualized bond hearing before an immigration judge at any time before a final order of removal. *Id.*

Whatever the propriety of Rendon's initial detention under § 1225(b)(2)(A), the record establishes ICE has now made an initial custody determination and served Rendon with a Form I-286 and NTA.[3] It appears, however, this lawsuit halted those processes.

Rendon is entitled to the process due under the statute. As a noncitizen detained under § 1226(a), this includes the statutory right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained

[2] It is unclear whether Rendon was arrested with or without a warrant. Because Rendon does not challenge the actual arrest, the Court does not address it here.

[3] Even if the Court were to find an *initial* due process violation under the § 1225 framework, the remedy would simply be release. And once released, Rendon would presumably be re-arrested by ICE under § 1226. There is no need to undertake a process that will result in the same outcome.

under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

For his part, Rendon claims ICE's efforts here are little more than a "meaningless shuffle in place," *see* Dkt. 10, at 2, whereby they have shifted some of their procedures to conform with *Rodriguez Vazquez* but, in the long run, the result is the same: people in custody. Rendon also claims his Form I-286 requiring continued detention is wholly unsupported because he has zero criminal history.

As for the first assertion, the Court agrees in part. Certain individuals are still in custody. However, they are now detained under the appropriate statute and with the appropriate parameters in place. The Court has long held ICE's determination regarding the interplay and applicability of § 1225 and § 1226 was incorrect. The Ninth Circuit has now confirmed as much. However, insofar as ICE is following the parameters outlined in *Rodriguez Vazquez* and acting consistent with its statutory obligations under § 1226, it can detain people—even those who were originally (and briefly) detained pursuant to § 1225.

As for the second assertion, Rendon will have to take up any disagreement with the Form I-286 determination via a bond hearing or redetermination hearing before an Immigration Judge.

In short, the Court finds it appropriate to remand this matter to ICE to allow the statutory process to proceed. If appropriate and desired, Rendon can request a bond hearing and, if necessary, appeal. However, because the administrative process has not concluded, the Court cannot find Rendon's Due Process rights have been violated.

If, after the administrative process concludes, Rendon feels his rights were violated,

he retains the ability to file suit and seek review. But this case, based on these facts, has concluded.

## IV. ORDER

1. Rendon's Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED.
2. This case is remanded to ICE for further proceedings.
3. Rendon's Motion for Temporary Restraining Order (Dkt. 2) is DENIED AS MOOT.
4. Rendon's Motion for Extension (Dkt. 11) is GRANTED.
5. This case is CLOSED.

DATED: October 26, 2026

David C. Nye
U.S. District Court Judge